IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN DONTOS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-553-K |
| | § | |
| VENDOMATION NZ LIMITED, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Jordan Dontos, Jennifer Dontos, and Crave, LLC filed a Motion for Default Judgment ("Motion") against Defendants Vendomation NZ Limited, Vendomation Securities Limited, and Vendomation LLC (collectively, "Vendomation"). Dkt. No. 158. United States District Judge Ed Kinkeade referred this Motion to the undersigned United States magistrate judge for determination. Dkt. No. 159. Vendomation has not retained replacement counsel, as required or, for that matter, filed a response, and its time to do so has now expired. On August 18, 2015, the undersigned held an evidentiary hearing regarding the Motion. *See* Dkt. No. 163.

Having considered the Motion, Plaintiffs' Fourth Amended Complaint [Dkt. No. 124] and the other pleadings, Plaintiffs' evidence submitted at the hearing, and the applicable law, the undersigned recommends that Plaintiffs' Motion for Default Judgment against Vendomation [Dkt. No. 158] should be granted in part and denied in part.

## Background

The Court previously ordered Plaintiffs to properly amend their complaint. *See* Dkt. No. 121. In compliance, Plaintiffs filed their Fourth Amended Complaint ("Complaint") on June 1, 2012, *see* Dkt. No. 124, which constitutes Plaintiffs' live pleading. In their Complaint, Plaintiffs assert various claims against Defendants Vendomation, John Halpern, and George Parkman Denny, III. *See id*.

The United States Court of Appeals for the Fifth Circuit previously held that Plaintiffs established a *prima facie* case of personal jurisdiction only as to their fraudulent transfer claim. *See Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 340 (5th Cir. 2014) [Dkt. No. 133]. Plaintiffs subsequently stipulated to dismissal with prejudice of their fraudulent transfer claim against Halpern and Denny, III, *see* Dkt. No. 156, and only Plaintiffs' fraudulent transfer claim against Vendomation remains, *see* Dkt. Nos. 154 & 157. Vendomation has not answered or otherwise responded to the Complaint.

<u>The Complaint</u>

In their Complaint, Plaintiffs allege that they obtained a $6,000,000.00 judgment against Bacon Whitney and others in a Texas state court. *See* Dkt. 124 at ¶ 12. Plaintiffs further allege that Bacon Whitney's assets were subsequently transferred to Vendomation "for less than equivalent value thus rendering ... Bacon Whitney insolvent and unable to pay its creditors." *Id*. at ¶ 49. Plaintiffs also allege that Vendomation was an insider because its officers, directors, and shareholders were also Bacon Whitney's officers, directors, and shareholders. *See id*. Plaintiffs assert that the

transfer of Bacon Whitney's assets to Vendomation was done in bad faith for the purpose of defrauding creditors and hindering or delaying collection of their debts. *See id*. In their Complaint, Plaintiffs seek actual damages of $6,000,000.00, an award of attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001 *et seq*., punitive damages, and costs. *See id*. at ¶¶ 61-64.

<u>Withdrawal</u>

David A. Lavenburg, Douglas M. Evans, David S. Vassar, and Earl Nesbitt sought withdrawal as counsel for Vendomation and reported that Vendomation 1) stopped doing business; 2) would no longer defend itself in the above-styled matter; and 3) would not obtain succeeding counsel. *See* Dkt. No. 146 at ¶ 7. The Court granted Lavenburg, Evans, Vassar, and Nesbitt's withdrawal as counsel but explained that Vendomation remained a party in the above-styled litigation even though it went out of business. *See* Dkt. No. 149. The Court warned Vendomation that it might face entry of default, or other such appropriate sanction, if it failed to retain replacement counsel and notify the Court of its new counsel by February 7, 2015. *See id*. at 2.

Vendomation thereafter failed to obtain replacement counsel. Accordingly, Plaintiffs filed this Motion against Vendomation. *See* Dkt. 158 at ¶ 4.

<u>Motion for Default</u>

In their Motion, Plaintiffs reasserted their actual damages of $6,000,000.00 and sought $12,000,000.00 in punitive damages. *See id*. at ¶ 8. Plaintiffs also reiterated their request for an award of attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001 and asserted that those fees totaled $1,000,000.00. *Id*. at ¶ 9.

Plaintiffs also sought costs – totaling $455.00 – and requested, for the first time, prejudgment and post-judgment interest. *See id*. at 3.

Evidentiary Hearing

The Court held an evidentiary hearing ("Hearing") on the Motion to determine Plaintiffs' costs, damages, and attorney's fees. *See* Dkt. Nos. 160 & 163. At the Hearing, Plaintiffs' counsel clarified that Plaintiffs' request for costs derived from their payment of the $455.00 filing fee. *See* Dkt. No. 130. Plaintiffs' counsel informed the undersigned that Plaintiffs are reducing their request for actual damages from $6,000,000.00 to $1,250,000.00 and abandoning their request for punitive damages. To prove up their actual damages, Plaintiffs produced copies of their interlocutory default judgment against Bacon Whitney from the 68th Judicial District Court of Dallas County, Texas, [*Dontos, et al v. Bacon Whitney Corp., et al.*, DC-07-14576-C (April 24, 2009)], and a previously-filed affidavit from Christopher Rollins. *See* Dkt. No. 51 at ¶ 5; Dkt. No. 164.

Plaintiffs also asked the Court to take judicial notice, pursuant to Texas Civil Practice and Remedies Code § 38.001, that their attorney's fees total $100,000.00 and that that is a reasonable amount of fees. Plaintiffs did not submit any billing records to support this fee request, and Plaintiffs' counsel confirmed that they only pleaded for attorney's fees under Section 38.001.

## Legal Standards

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*,

385 F.3d 871, 873 (5th Cir. 2004)."The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). Courts have found default judgment to be the appropriate remedy when corporations fail, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default."). Further, the Court can enter a default judgment when a party fails to defend itself in a matter. *See* FED. R. CIV. P. 55 (a).

But, to obtain a default judgment, Plaintiffs must make a *prima facie* showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)."A default judgment is unassailable on the merits but only so far

as it is supported by well-pleaded allegations." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). There must also be a sufficient basis in the pleadings for the judgment requested. *See id.* at 496-98.Federal Rule of Civil Procedure 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

"A default judgment does not establish the amount of damages." *Crawford v. Lee*, No. 3:10-cv-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011). Generally, in the context of a default judgment, an evidentiary hearing is required to determine the amount of unliquidated damages. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). And Plaintiffs bear the burden to bring forth competent evidence in support of the damages that they seek. *See Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.*, No. No. 3-08-cv-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008).

## Analysis

<u>Default Judgment is Appropriate</u>

Default judgment is an appropriate measure against Vendomation. Vendomation, a collection of three corporations, is not permitted to proceed *pro se. See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)*; M3 Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). Yet, Vendomation remains unrepresented by counsel in this case and has also failed to answer or otherwise respond to Plaintiffs' Complaint. *See* Dkt. No. 124. Further, Vendomation's former counsel has represented that it will no longer defend itself in this matter. *See* Dkt. No. 146 at ¶ 7. The Court warned Vendomation that it may face default if it did not obtain replacement counsel. *See* Dkt. 149 at 2; *see also PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug. 19, 2003). Vendomation cannot continue to proceed unrepresented in this case simply because it is no longer in business. Also the Federal Rules allow default judgments when a party – like Vendomation – fails to defend itself. *See* FED. R. CIV. P. 55(a).

Considering all the circumstances, including Vendomation's failure to answer or otherwise respond to Plaintiffs' Complaint and the bases on which its former counsel sought and were granted withdrawal, a default judgment is appropriate, and lesser sanctions short of entering a default would not serve the interests of justice or advance the disposition of this case on the merits.

Default Judgment: Liability

Plaintiffs are entitled to a default judgment against Vendomation as to liability on Plaintiffs' Texas Uniform Fraudulent Transfer Act ("TUFTA") claim.

As a threshold matter, Plaintiffs made a *prima facie* showing of jurisdiction over Vendomation. *See* Dkt. No. 133.

Plaintiffs have also sufficiently pleaded a TUFTA claim against Vendomation. Under TUFTA, a transfer made by a debtor is fraudulent to a creditor if the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor; or without receiving a reasonably equivalent value in exchange for the transfer." TEX. BUS. & COM. CODE § 24.005(a). Creditors may also hold subsequent transferees liable under TUFTA. *See id.* at § 24.009(b)(2). Plaintiffs allege that they are Bacon Whitney's creditor. *See* Dkt. 124 at ¶ 12. They further allege that Vendomation is a subsequent transferee of Bacon Whitney's assets. *See id.* at ¶ 39. Plaintiffs assert that these assets were transferred for less than equivalent value and with actual intent to defraud Plaintiffs and to hinder or delay collection of their debts. *See id.* at ¶¶ 49, 55. Plaintiffs also allege a strong case for actual intent to defraud by alleging that Vendomation was an insider; Plaintiffs obtained a judgment against Bacon Whitney before it transferred its assets to Vendomation; and Bacon Whitney became insolvent after the transfer to Vendomation. *See id.* at ¶¶ 12, 13, 49; *see* TEX. BUS. & COM. CODE § 24.005(b)(1), (4), (9) (factors used to determine actual intent to defraud); *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 843 (Tex. App. – Dallas 2006, no pet.) (Holding that the existence of several Section 24.005(b) factors presents a strong case for actual intent to commit a

fraudulent transfer.).

Plaintiffs' detailed allegations entitle them to a default judgment against Vendomation for its TUFTA liability. *See Wooten*, 788 F.3d at 496 (explaining that "[a] default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations").

Default Judgment: Costs, Damages, Fees, and Interest

The undersigned held the Hearing to determine Plaintiffs' costs, actual damages, and fees. *See Beachhead, L.P. v. Solar Night Indus., Inc.*, No. 3:08-cv-718-D, 2008 WL 4692856, at *3 (N.D. Tex. Oct. 23, 2008) (a default judgment evidentiary hearing is necessary to determine costs, damages, and fees). Plaintiffs were given the opportunity to present any evidence and argument in support of the amounts of these requested forms of relief.

Plaintiffs sufficiently proved their costs. Plaintiffs requested costs in their Complaint. *See* Dkt. No. 124 at ¶ 64. Plaintiffs may recover their costs because they are entitled to default judgment on Vendomation's TUFTA liability. *See* TEX. BUS. & COM. CODE § 24.013. And Plaintiffs enumerated their cost as $455.00. *See* Dkt. No. 158 at 3. At the Hearing, Plaintiffs' counsel explained that Plaintiffs derived this figure from their filing fee. The undersigned takes judicial notice that a $455.00 filing fee was paid in this case. *See* FED. R. EVID. 201; Dkt. No. 130. As such, the Court should award Plaintiffs costs of $455.00.

Plaintiffs also have proven the existence of their prior judgment against Bacon Whitney. A creditor who prevails on a fraudulent transfer claim may recover judgment

for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less. *See* TEX. BUS. & COM. CODE § 24.009. In their Motion, Plaintiffs asked the Court to award actual damages of $6,000,000.00 – the amount of their prior judgment against Bacon Whitney. The Court can and should take judicial notice of Plaintiffs' interlocutory default judgment against Bacon Whitney from the 68th Judicial District Court of Dallas County, Texas, which totaled over $6,000,000.00. *See* FED. R. EVID. 201. As a creditor, Plaintiffs may recover Bacon Whitney's assets transferred to Vendomation to the extent necessary to satisfy their interlocutory default judgment. *See* TEX. BUS. & COM. CODE § 24.009.

But Plaintiffs did not provide sufficient evidence to support their request for actual damages totaling $1,250,000.00. At the Hearing, Plaintiffs reduced the amount of actual damages they are seeking to $1,250,000.00, asserting that this was the value of the assets of Bacon Whitney transferred to Vendomation. Plaintiffs offered an affidavit from Christopher Rollins, previously filed in this case, to prove up their reduced actual damage request. *See* Dkt. No. 51; Dkt. No. 164. Rollins was Bacon Whitney's Chief Development Officer until January 15, 2008 and president of Intellivend, LLC from December 1, 2008 to December 6, 2010. *See* Dkt. No. 51 at ¶¶ 4, 5. Rollins asserts that he made his affidavit "based upon personal knowledge." *Id.* at ¶ 2, Rollins states that Denny, III and Halpern formed Bacon Whitney and were its managing members. *See id.* at ¶ 8. When Rollins was president of Intellivend, Bacon Whitney entered into an Assignment for the Benefit of Creditors ("ABC") of Bacon Whitney, LLC, which sold a majority of Bacon Whitney's assets to Intellivend. *See id.*

at ¶ 11. Intellivend purchased those assets with a $1,250,000.00 Note ("Note"). *See id.* Rollins testifies that the ABC subsequently assigned the Note to Denny, III and Halpern without sufficient compensation. *See id.* And Rollins avers that, around December 6, 2010, Halpern and Denny, III sold the Note to Vendomation but retained 80% of the Note's value. *See id.* at ¶¶ 8, 13, 15. Rollins also states that it was his "understanding that [Vendomation gave] no consideration to Halpern and Denny, III for the [N]ote." *Id.* at ¶ 15.

From an evidentiary standpoint, Mr. Rollins's affidavit fails to show how he obtained personal knowledge of any of the relevant facts recited in the affidavit. Federal Rule of Evidence 602 requires a witness to have personal knowledge of the matters about which he testifies. "This court has previously noted that [p]ersonal knowledge may be inferred from the declarant's position with the company." *Companion Prop. & Cas. Ins. Co. v. Opheim*, 3:14-cv-752-G, 2015 WL 731246, at *3 (N.D. Tex. Feb. 20, 2015). Though Rollins states that he was Bacon Whitney's Chief Development Officer until January 2008, he fails to show how this position afforded him with personal knowledge of ABC's assignment of the Note to Halpern and Denny, III that occurred at least eleven months after he left Bacon Whitney – at a time at which Rollins was Intellivend's president. *See* Dkt. No. 51 at ¶ 11. Rollins also provides no explanation for how he acquired personal knowledge that Halpern and Denny, III sold the Note to Vendomation in December 2010 – almost three years after he left Bacon Whitney. *See id.* at ¶¶ 8, 13, 15. Rollins does not even claim to have personal knowledge that Vendomation failed to give consideration for the Note.

*See id.* at ¶ 15.

Plaintiffs cannot evade these evidentiary shortfalls with Rollins' assertion that he made his "affidavit based upon personal knowledge," because this statement does not explain <u>whose</u> personal knowledge served as the basis for the affidavit or, as explained above, if it is Rollins's personal knowledge, how he obtained that knowledge. *See id.* at ¶ 2. For these reasons, the undersigned concludes that Rollins Affidavit is not competent evidence to support Plaintiffs' assertion that Bacon Whitney's $1,250,000.00 Note was transferred to Vendomation and that the assets transferred to Vendomation should be valued at $1,250,000.00. *See* FED. R. EVID. 602; *Action Tapes, Inc. v. Glovier*, 3:05-cv-1089-R, 2006 WL 349804, at *3 (N.D. Tex. Jan. 12, 2006).

The undersigned further notes that, even if the Rollins Affidavit was competent evidence, it could not support actual damages of $1,250,000.00. At best, the Rollins Affidavit shows that Vendomation received Bacon Whitney's assets that should be valued (as transferred) at $250,000.00 because Rollins states that Halpern and Denny, III retained 80% of the $1,250,000.00 Note. *See* Dkt. No. 51 at ¶ 15.

During the Hearing, Plaintiffs informed the undersigned that they have abandoned their $12,000,000.00 punitive damage request. And, in any event, Plaintiffs are not entitled to punitive damages under TUFTA. *See* TEX. BUS. & COM. CODE § 24.001, *et seq.*

Plaintiffs' request for attorneys' fees also does not support an award of fees on the default judgment. Plaintiffs seek attorneys' fees under Texas Civil Practice and Remedies Code § 38.001. *See* Dkt. No. 124 at ¶ 62. And, in their Motion, Plaintiffs

sought $1,000,000.00 in attorney's fees. Dkt. No. 124 at ¶ 9. But Plaintiffs reduced their request to $100,000.00 at the Hearing. Despite their 90% fee reduction, Plaintiffs are not entitled to fees under Section 38.001 because they have not asserted claims for rendered services, performed labor, furnished materials, freight or express overcharges, lost or damaged freight or express, killed or injured stock, a sworn account, or an oral or written contract, which would support a Section 38.001 fee award. *See* TEX. CIV. PRAC. & REM. CODE § 38.001. Plaintiffs' only remaining claim against Vendomation is for fraudulent transfer, which is not a governed by Section 38.001.

And, insofar as TUFTA may authorize an award of attorneys' fees, Plaintiffs did not properly plead their fee request. Because Vendomation's default concedes its fraudulent transfer liability, Plaintiffs would be entitled to recover their reasonable attorneys' fees under TUFTA. *See* TEX. BUS. & COM. CODE § 24.013. But Plaintiffs' Complaint does not demand attorneys' fees under TUFTA and instead only requests fees under Section 38.001. *See* Dkt. No. 124 at ¶ 62. During the Hearing, Plaintiffs confirmed that they only pleaded for fees under Section 38.001.

Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from ... what is demanded in the pleadings." FED. R. CIV. P. 54(c). In other words, the relief prayed for in a complaint cabins the relief available on default judgment. Holding Plaintiffs' attorneys to such precise pleading standards is particularly appropriate considering that Plaintiffs allege that their attorneys have earned $100,000.00 in fees. Because Plaintiffs did not seek fees under TUFTA in their Complaint, they are not entitled to any such award on a default judgment.

Further, even if Plaintiffs' Complaint had asserted the proper statute for attorneys' fees, Plaintiffs have not provided any reliable evidence – including establishing their attorneys' hourly rates, hours expended, and work performed – sufficient to support a fee award. *See James*, 6 F.3d at 311.

Plaintiffs' request for prejudgment interest should also be denied because Plaintiffs did not request this relief in their Complaint. *See* FED. R. CIV. P. 54(c); *see also Lindy Investments v. Shakertown Corp.*, 209 F.3d 802, 804 n.1 (5th Cir. 2000).

But Plaintiffs are entitled to post-judgment interest. The issue of post-judgment interest on a judgment entered in federal court is governed by federal law. *See Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 594-95 (5th Cir. 2006). 28 U.S.C. § 1961 provides, in pertinent part, that "interest shall be allowed on any money judgment in a civil case recovered in a district court" and that such "interest shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Plaintiffs are entitled to an award of post-judgment interest at the rate published for the week ending prior to the date of judgment until the date paid. *See* 28 U.S.C. § 1961(b). The Court should award post-judgment interest on the date that it enters judgment.

## Recommendation

The undersigned recommends that:

(1) Plaintiffs' Motion for Default Judgment be granted, in part, as to

Vendomation's liability under the Texas Uniform Fraudulent Transfer Act;

(2) Plaintiffs' Motion for Default Judgment be denied, in part, regarding their request for actual damages, attorney's fees, and prejudgment interest;

(3) Plaintiffs should be awarded $455.00 for costs as well as post-judgment interest; and

(4) the Court should enter a default judgment, pursuant to Federal Rule of Civil Procedure 55(a), against Defendants Vendomation NZ Limited, Vendomation Securities Limited, and Vendomation LLC as specified above.

The Clerk of Court is DIRECTED to serve a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge on Defendants Vendomation NZ Limited, Vendomation Securities Limited, and Vendomation LLC at c/o Bret Hempel; Unit 4; 76 Forge Road; Silverdale, Auckland, NEW ZEALAND, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to

the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: August 24, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE